IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
FILED
APR 0 8 2005
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| CRYSTAL GAIL MARTINEZ, | § § § § | |
| *Plaintiff,* | § | |
| v. | § § | CASE NO. G-05-_____ |
| HSS SYSTEMS, L.L.C., AND CHCA CLEAR LAKE, L.P., | § § § § | JURY |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HON. SAMUEL B. KENT, UNITED STATES DISTRICT JUDGE:**

Plaintiff, Crystal Gail Martinez, files this complaint, complaining of Defendants, HSS Systems, L.L.C., and CHCA Clear Lake, L.P., and would show the Court the following:

### PARTIES

1. Plaintiff, Crystal Gail Martinez, is an individual that is a citizen of the State of Texas.

2. Defendant, HSS Systems, L.L.C. ("HSS"), is a limited liability company organized under the laws of the State of Tennessee. Defendant HSS has its principal place of business in the State of Tennessee. Defendant HSS may be served with process by serving its registered agent, CT Corporation Systems, whose address is 350 North St. Paul Street, Dallas, Texas 75201.

3. Defendant, CHCA Clear Lake, L.P. ("CHCA"), is limited partnership organized under the laws of the State of Delaware. Defendant CHCA has its principal place of business in

the State of Texas. Defendant CHCA may be served with process by serving its registered agent, CT Corporation System, whose address is 350 North St. Paul Street, Dallas, Texas 75201.

## JURISDICTION

4.     This Court has jurisdiction over the Plaintiff's claims against Defendant HSS because they arise under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.* The Plaintiff was employed as registrar with Defendant HSS, a limited liability company doing business within the territorial jurisdiction of this Court. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Plaintiff's claims against Defendant CHCA because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## CONDITIONS PRECEDENT

5.     All conditions precedent have been performed or have occurred.

## COUNT I – VIOLATION OF THE FMLA BY DEFENDANT HSS

6.     The Plaintiff is an eligible employee within the meaning of the FMLA. The Plaintiff was employed by Defendant HSS for at least 12 months and for at least 1,250 hours of service during the previous 12-month period.

7.     Defendant HSS is an employer within the meaning of the FMLA. Defendant HSS is engaged in commerce or in an industry or activity affecting commerce and employs 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year.

8.     The Plaintiff was entitled to 12 work weeks of leave during the period of the calendar year 2004 because of the Plaintiff's severe chronic pelvic pain, a serious health condition that made the Plaintiff unable to perform the functions of her position.

2

9. The Plaintiff gave Defendant HSS such notice as was practicable under the foreseeable circumstances before the date her leave was to begin.

10. Defendant HSS intentionally denied the exercise of the Plaintiff's rights provided under the FMLA by refusing to grant the Plaintiff leave and instead discharging her prior to her scheduled leave was set to begin.

11. As a direct and proximate result of Defendant HSS's conduct, the Plaintiff suffered the following injuries and damages: (a) the Plaintiff was discharged from employment with Defendant HSS, resulting lost pay and benefits; (b) the Plaintiff is entitled to reimbursement for the actual monetary losses she suffered directly resulting from Defendant HSS's violation of the FMLA; (c) the Plaintiff is entitled to postjudgment interest on all sums, including attorney fees and costs; and (d) because Defendant HSS's conduct was intentional and willful, the Plaintiff is entitled to an award of liquidated damages within the meaning of the FMLA.

12. The Plaintiff was forced to engage counsel to protect her rights. The Plaintiff is entitled to an award of attorney fees and costs under the FMLA, 29 U.S.C. § 2617(a)(3).

### COUNT II –VIOLATION OF THE PLAINTIFF'S PRIVACY RIGHTS BY DEFENDANT CHCA

13. At all material times, Defendant CHCA was a covered entity as defined by the "Privacy Rule", *see* 45 C.F.R. § 164.508(a)(1) (2004). During a period that ended approximately one month prior to the commencement of this action, the Plaintiff had sought and obtained professional medical services through Defendant CHCA. During the course of her transactions with Defendant CHCA, the Plaintiff was encouraged to reveal and did reveal personal facts concerning her medical condition and history, based on her belief that Defendant CHCA would keep her private medical records confidential as required by the Privacy Rule and by applicable state law.

14. On or about November 10, 2004, in violation of the Plaintiff's right to medical records privacy, Defendant CHCA willfully and without the Plaintiff's knowledge or consent published confidential information regarding the Plaintiff's medical condition to her former employer, Defendant HSS.

15. The Plaintiff further alleges that Defendant CHCA disclosed confidential communications and records of the identity, diagnosis, evaluation, and treatment of the Plaintiff in violation of Section 181.001 *et seq.* of the Texas Health and Safety Code.

16. The Plaintiff has suffered actual losses and actual damages as a direct and proximate result of Defendant CHCA's cruel and wrongful invasion of her medical records privacy as described above in a sum of at least $10,000.00, and for which the Plaintiff sues.

17. Defendant CHCA's conduct constituted a grossly negligent violation of the Plaintiff's right to medical records privacy. The Plaintiff, therefore, is entitled to recover exemplary damages from Defendant CHCA. Accordingly, the Plaintiff sues for exemplary damages in a sum of at least twice the amount of the Plaintiff's actual damages.

## JURY DEMAND

18. Plaintiff, Crystal G. Martinez, asserts her rights under the Seventh Amendment to the United States Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

19. For these reasons, the Plaintiff asks for judgment against the Defendants for the following: (a) lost pay and benefits; (b) actual damages; (c) exemplary damages; (d) prejudgment interest; (e) postjudgment interest; (f) attorney fees and costs; and (g) all other relief the Court deems appropriate.

Respectfully submitted,

By: _____
MARK ARONOWITZ
Texas Bar No. 00793281
S.D. Tex. Id. No. 20421
607 Sixth Street North
Texas City, TX 77590
Tel:   (409) 949-4600
Fax:   (409) 949-4700

OF COUNSEL
ARONOWITZ & TREFETHERN

ATTORNEY IN CHARGE FOR
PLAINTIFF, CRYSTAL GAIL MARTINEZ

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CRYSTAL GAIL MARTINEZ

**DEFENDANTS**
HSS SYSTEMS, L.L.C. AND RHCA CLEAR LAKE, L.P.

(b) County of Residence of First Listed Plaintiff: GALVESTON
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: HARRIS
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
MARK ARONOWITZ
ARONOWITZ & TREFFEHERN
607 6th St. N., Texas City, TX 77590

Attorneys (If Known)

United States Courts
Southern District of Texas
FILED
APR 08 2005
Michael N. Milby, Clerk of Court

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | [X] 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
The Plaintiff is filing claims under FMLA, 29 U.S.C. § 2601 et seq.

Brief description of cause:
Defendant HSS failed to provide the Plaintiff w/requested FMLA leave

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: April 7, 2005
SIGNATURE OF ATTORNEY OF RECORD: Mark Aronowitz
MARK ARONOWITZ

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____