IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CRYSTAL GAIL MARTINEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-207 |
| § | |
| HSS SYSTEMS, L.L.C., and § | |
| CHCA CLEAR LAKE, L.P., § | |
| § | |
| Defendants. § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND DENYING DEFENDANT CHCA CLEAR LAKE, L.P.'S MOTION TO DISMISS**

  This suit arises out of the alleged violation of Crystal Gail Martinez's ("Plaintiff") rights under the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq., and her privacy rights under state common law. Now before the Court is Plaintiff's Motion for Leave to File an Amended Pleading, and Defendant's Response in Opposition and Alternative Motion to Dismiss for Failure to State a Claim. For the reasons stated below, both Motions are respectfully **DENIED**.

  Trial in this case is set to begin on March 27, 2006. Plaintiff filed her Opposed Motion for Leave to Amend her Complaint on February 21, 2006, and Defendant CHCA Clear Lake, L.P. ("Defendant") filed its Response on March 1, 2006. Plaintiff proposes to add a claim of negligence per se based on an alleged violation of TEX. HEALTH & SAFETY CODE §§ 181.001 et seq. The Court finds that due to the proximity of trial, a material amendment of the Complaint, such as that proposed by Plaintiff, at this late date would be unduly prejudicial to Defendant. As such, Plaintiff's Motion for Leave to File an Amended Complaint is respectfully **DENIED**. As a result, Defendant's Motion to Dismiss for Failure to State a Claim with respect to Plaintiff's proposed per se negligence claim is

**DENIED AS MOOT**.

Defendant also moved to dismiss Plaintiff's gross negligence claim. This claim was made in Plaintiff's Original Complaint, and although elaborated upon in the Proposed Amended Complaint, it remains materially unchanged. The denial of Plaintiff's Motion for Leave to Amend does not affect her gross negligence claim. In its Motion to Dismiss, Defendant offers no reason or authority for dismissing the gross negligence claim. Rather, the Motion focuses solely on the per se negligence claim. As such, Defendant's Motion to Dismiss Plaintiff's gross negligence claim is respectfully **DENIED**.

Each Party to bear its own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 9th day of March, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge